8089.

## STATE OF LOUISIANA vs. WILLIS HOPKINS.

A Motion in arrest of judgment should be denied when made on the ground, that the charge to the jury was given orally by the judge after Counsel for the accused requested it should be in writing, though the request was withdrawn before the charge was given, and though the judge had announced his readiness to grant the request.

APPEAL from the Sixth Judicial District Court, parish of West Carrol, *Brigham.* J.

---

*J. C. Egan,* Attorney General, for the State, Appellee.

A motion in arrest of judgment, on the ground that the judge delivered his charge to the jury orally after being requested to write said charge, will be overruled, when the counsel for the accused withdraws his request for a written charge.

Defendant not represented.

---

The opinion of the Court was delivered by

FENNER, J. The errors charged by defendant are presented in a bill of exceptions, a motion for new trial, and a motion in arrest of judgment.

First. The bill of exceptions and motion in arrest are based on the same ground, viz.: the failure of the judge to deliver his charge in writing after having been requested to do so by counsel for accused, though, before the charge was delivered, the counsel withdrew the request.

Although the counsel states in the bill that "he withdrew the request for the reason that it might prejudice the jury against the accused," it appears that, in so doing, he acted freely and voluntarily, without any suggestion from the judge, who promptly acceded to the request and announced his readiness to comply with it. He had the right to withdraw the requirement, a matter entirely within his discretion, and the judge was not concerned with the motives of his action.

The judge should not, and in this case did not, exhibit any unwillingness to comply with such request, or say or do any thing tending to throw upon counsel any blame for the inconvenience to which the jury might be subjected.

This is as far as the Court went in State vs. Swayse, 30 An. 1323, where the judge said that, "if the counsel *insisted*, he would adjourn court and prepare the charge." The Court said "he should have given the written charge without requiring the counsel to *insist* upon it. We doubt the soundness of that decision, and certainly shall not extend it.

Second. The motion for new trial is made on no other ground than that the verdict was "contrary to the law and the evidence." It is impossible for us to say that the judge erred in overruling it.

It is, therefore, ordered and adjudged and decreed that the judgment appealed from be affirmed.

Levy, J., absent.